Florentino Carrera Blanco, Plaintiff and Appellee, *v.*
Gabriel Palerm Enrich, Defendant and Appellant.

No. 7282.   Argued November 26, 1937.—Decided March 11, 1938.

R. *Padró Parés* for appellant.   F. *Fernández Cuyar* and H. *Gonzá-
lez Blanes* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This case involves the right of a mortgage creditor
to obtain a deficiency judgment against his original debtor
when the property itself has passed into other hands and
this even if the purchaser from the original debtor assumed
the debt.   From the cases of *Luyando* v. *Díaz,* 46 P.R.R.
668, *Fernández* v. *Luyando,* 46 P.R.R. 664, and *Puig* v. *Soto-
mayor,* 47 P.R.R. 430, it becomes clear that a mortgage cred-
itor may proceed directly against the original mortgage
debtor or against the assignee or against the vendee of the
principal property, when the latter has assumed the pay-

ment of the mortgage and even against both debtor and his grantee. Naturally, if the creditor chooses to proceed against the original debtor and it turns out that his grantee has undertaken to pay the original debt then a cause of action would arise in favor of the original debtor and against his grantee. This right of the debtor gives him no defense against his original obligee, the mortgage creditor. This is most strikingly true when the sale of the mortgaged properties took place without notice to, or the consent of, the creditor.

■■ The general rule is that the debt is personal to the original debtor and that he is bound to respond for any deficiency in case the property is sold and fails to cover the amount of the original contract or debt. By definition a mortgage is a subsidiary contract; it is constituted to secure the fulfillment of a principal obligation. This case also involves other matters and among them the right of the mortgage creditor to obtain a judgment on the pleadings against the original debtor.

The facts, taken more or less from the brief of the appellee and following the complaint, show that on the fifth of November, 1929, Gabriel Palerm borrowed $20,000 from Florentino Carrera. He executed four notes of $5,000 each to the order of Carrera to become due with interest four years thereafter. As security for these obligations Palerm executed a mortgage upon two pieces of property belonging to him, one of them, which we shall refer to hereafter as property A, to respond for the sum of $15,000 and the other, or property B, for $5,000. The debtor also turned over to Carrera, as additional security, two bearer mortgage notes, one for $10,000 and the other for $15,000. The parties agreed that when Palerm paid one of the four obligations of $5,000, Carrera would return to him the *mortgage note* of $10,000 which had been delivered by Palerm as additional security and upon the payment of another $5,000 Carrera would return to Palerm the other mortgage note of $15,000. The idea

was that the sole responsibility of Palerm then should be the $10,000 that was left of the mortgage debt.

Thereafter Palerm and his wife sold to Pedro Batista the said two mortgaged properties. In their turn the spouses Batista segregated a portion of the lot whose responsibility had been fixed at $15,000, so that the segregated portion should form a separate piece of property, and this separate parcel was sold to Demetrio Latoni for the sum of $10,000, which sum was paid by Latoni to Carrera, the complainant in this suit, to be credited to the loan of $20,000. On the second of March, 1932, the complainant Carrera, executed a partial cancellation of a mortgage. The partial cancellation was executed in such a way that the segregated portion was rendered free of any encumbrances. It was the unsegregated portion of property A that assumed the responsibility for the $5,000 which it still secured.

In consideration of the acceptance by the complainant Carrera of the payment of these two obligations and the release of the segregated parcel and other considerations, on the second of March of 1932, Palerm agreed with Carrera to modify the contract of collateral guaranty existing between them so that Palerm should only receive the return of the mortgage note of $10,000 and that Carrera should retain, as a collateral security and in addition to the remaining notes of $5,000, the mortgage bond of $15,000 aforementioned. The *mortgage note of $10,000* was returned and original notes numbers one and two of $5,000 each were canceled and Carrera retained numbers 3 and 4 together with the mortgage note of $15,000.

On August 18, 1932, Mr. and Mrs. Batista sold what remained of the two mortgaged properties, bought by them from Palerm, to Mr. and Mrs. Cruet-Carrasquillo. When the notes 3 and 4 became due and were not paid, Carrera began a summary mortgage foreclosure proceeding against the two pieces of property which had been sold to Mr. and Mrs. Cruet. The claim was for $12,896.39. Each of the two pieces

of property was adjudicated to the creditor for $2,500 leaving unpaid $6,500 as principal and the interest thereon amounting to the sum of $1,396.39.

This suit, therefore, contained a claim for a deficiency of $7,896.39, for which the judgment on the pleadings was rendered.

The first and fourth assignments of error are as follows:

"The court committed error in its decision of March 8, 1935, in denying defendant's motion to make the complaint more specific.

"The court erred in rendering final judgment in this case although the complaint does not state facts sufficient to constitute a cause of action against the defendant."

We agree with the appellee that the mortgage creditor did not have to set forth in the suit for the deficiency judgment, the relations among themselves of the various purchasers of the property in order to hold the debtor. Assuming the validity of the mortgage proceeding it was enough for the mortgage creditor to show the deficiency in the satisfaction of his mortgage creditor. As to the fourth assignment of error we are thoroughly convinced that the complaint, as summarized above, sufficiently sets forth a cause of action, especially if we accept, as we should, the jurisprudence to which we have already referred.

The second assignment of error is as follows:

"The trial court erred in rendering judgment on the pleadings, under the erroneous supposition that the answer did not contain a specific denial of the allegations of the complaint."

In this respect the appellee says as follows:

"The complaint has ten paragraphs and is duly verified. The answer filed on October 5, 1935 (pages 15 to 18 of the transcript), denies the facts in the following manner: Admits the first four averments, as well as the sixth one and 'emphatically denies' averments 5, 9 and 10 of the complaint. Denies averments 7 and 8 for 'lack of information and belief.' In the verification of the answer the defendant states that he has read said answer, 'and the averments, as set forth are true and known to me personally, except those which I admit or deny for lack of information and belief.'

"In the first place, we must observe that a verification made in the aforestated manner is null and void at law, according to what was decided by this Honorable Court in the cases of *Pérez* v. *Executive Council,* 16 P.R.R. 677, and *Nazario* v. *Atlas,* 24 P.R.R. 336, inasmuch as said defendant does not state which are the facts known to him by personal knowledge and which by information and belief, nor whether he believes said information and belief to be true. Under these circumstances this fact alone would be sufficient to justify a judgment on the pleadings, for though the complaint is verified, the answer, legally, is not so verified.

"In the second place, the attempted denial of certain facts of the complaint is quite insufficient in view of the requirements of the Code of Civil Procedure (Section 110) and of the repeated decisions to this effect."

The appellee proceeds to cite cases in support of his right to a judgment on the pleadings which we think was sufficiently justified. We should stress the failure to deny specifically rather than the deficiencies of the oath.

The third and remaining assignment of error is as follows:

"The trial court erred in its decision of February 24, 1936, in denying the defendant's motion to annul the judgment of December 31st and to reopen the case."

Unquestionably, when a motion under Section 140 of the Code of Civil Procedure is presented, the court has a wide discretion, but it has also a discretion to refuse. The appellee draws attention to the fact that the motion contained no affidavit of merits and that the defendant was tardy in presenting his motion to set aside the judgment and reinstate the case.

The appellant, however, also filed with his motion an amended answer. This amended answer, we do not think, sufficiently remedied the defects of the original answer, for certain paragraphs of the said answer contained negative pregnants inasmuch as they denied some of the averments of the complaint *in ipsissismis verbis* (with the same words). The answer, as pointed out by the appellee in discussing the

794

original and the proposed answer, failed to contain other denials. The amended answer also contained some new matter. This the appellee discusses and, we think, successfully disposes of the contentions of the appellant.

Independently of this, the position of the appellant was not justified by an affidavit of merits and the court committed no abuse of discretion in refusing to consider new matter after all the opportunities that the appellant had while the case was pending on the motion for a judgment on the pleadings.

The judgment and order should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.